IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GEORGE K. AND PATRICIA A.
WILSON,
      Plaintiffs,

vs.                                     3:05cv215/RV/MD

COUNTRYWIDE HOME LOAN, INC., and
FULL SPECTRUM LENDING, INC.
      Defendants.

---

## ORDER and
## REPORT AND RECOMMENDATION

      Plaintiffs signed an arbitration agreement in consideration for a residential mortgage loan they obtained through defendant Full Spectrum Lending, Inc. ("Full Spectrum"). The arbitration agreement encompasses an expansive list of claims that must be arbitrated, including any allegations of fraud or misrepresentation, and any party's execution of the agreement or willingness to be bound by its terms. (Exh. B to motion to compel arbitration). In lieu of submitting their claim to binding arbitration, the plaintiffs sued defendants Countrywide Home Loans, Inc., and Fully Spectrum in Okaloosa County Circuit Court in September of 2004. The defendants moved to compel arbitration and removed the case to this court in June of 2005, while the motion to compel arbitration was still pending. A hearing had been set on the motion, but no written response had been filed. Therefore, plaintiffs were directed to respond to the motion, which they have now done. (Doc. 8). Defendants have filed a motion for leave to file a reply (doc. 10) which will be granted. The court has considered the arguments made in the defendants' reply in drafting this recommendation.

      In their response to the motion to compel, the plaintiffs do not deny that they signed the arbitration agreement. Likewise, they do not deny that the arbitration agreement is

binding or that it encompasses the conflicts they sought to resolve when initially bringing suit in state court. They merely take the position that, based on the way the circumstances surrounding the alleged loan discrepancy have unfolded, they should be allowed to mediate their claim, as they had hoped to do in state court, before it is sent to binding arbitration.

There is no provision in the agreement signed by plaintiffs for mediation of a claim prior to arbitration. Plaintiffs have not refuted the arguments made and authorities cited by the defendants. They have failed to show that the claims at issue are unsuitable for arbitration, or that they are not encompassed by the arbitration agreement. *Green Tree Fin. Corp. Of Alabama v. Randolph,* 531 U.S. 79, 92, 121 S.Ct. 513, 522 (2000). The plaintiffs' preference to engage in mediation prior to arbitration notwithstanding, the motion to compel arbitration must be granted.

Accordingly, it is ORDERED:

Defendants' motion to file a reply (doc. 10) is GRANTED. The clerk is directed to separately docket the memorandum attached to the motion.

And it is respectfully RECOMMENDED

Defendants' motion to compel arbitration be GRANTED, this case be dismissed without prejudice and the clerk be directed to close this file.

DONE AND ORDERED this 7th day of July, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### *NOTICE TO THE PARTIES*

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**